*519 The Court delivered the following opinion : — M’-Clelland exhibited his bill, to foreclose Tunstall’s equity of redemption in certain slaves, and in a certain lot of ground, part of a lot No. 22, in Shelby ville, mortgaged to the complainant ; the bill was taken pro confesso, at the rules, in the clerk’s office, and the cause set for heár-ing. The defendant filed his answer in court, to which replication was made, and rejoinder thereto ; the defendant then consented that the cause should stand for hearing. Commissions were awarded to take depositions, and the cause continued until the next term ; at which time, the cause was heard on the bid, answer, and exhibits ; no depositions on either side, having been taken : and a decree of foreclosure, &c. was entered, &c. From which Tunstall appealed, and has assigned three objections to the decree and proceedings :
1st. That the decree was pronounced before the lapse of six months from the time of the replication to the answer.
2d. That the court allowed only forty days for the payment of the money due on the mortgage, instead of the usual time of six months. -
Talbot, for the appellant; Allen, for the appellee.
3d. That the cause being beard on bill and answer1 only, the answer should have been taken as true, in all its parts ; and therefore, the decree should have been for defendant.
Upon the first, there can be ho doubt. The defendant having consented that the cause should stand for hearing, and the continuance until the next term being entered, he had no claim to farther continuance, unless for cause shewn, as in any other suit, properly placed oil the court docket for hearing.
As to the second — -The law has prescribed no precise' length of time which shall be allowed to the mortgagor to redeem ; each case, therefore, depends upon its own circumstances ; and is to be regulated by the sound discretion of the chancellor, according to those circumstances. In this Gase the money secured by the mortgage became payable on the first day of July 1805 ; the bill of foreclosure was exhibited in September 1805 ; the decree was pronounced in June 1806; and gave until the 10th of August ensuing, to pay the money. It does not seem to this court, that one year and a month after the debt was due, and payable, according to the contract of the parties, was too short a prolongation by the operation of law.
The third objection could only apply to cases where no replication has been made to the answer ; or where the answer is responsive to the charges in the bill. But here, the demurrer alleges, new matter in avoidance ; that answer was put in issue, and, was without any support whatever.-Decree affirmed.*

 See the cafe of Scott vs. Clarkson’s executors, fall term 1808, and Reading vs M'Ilvoy, fpring-term 1809 j in which the confequences of not filing a replication to an anfwer are fully coofidereii.